**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
EZEQUIEL VIVAS, *individually and on behalf of others similarly situated,*

       *Plaintiff*,

    -against-

MIDWOOD LUMBER & MILLWORK INC.,(d/b/a MIDWOOD LUMBER & MILLWORK), BORIS MOTOVICH and ALEX MOTOVICH,

       *Defendants.*
-------------------------------------------------------------------X

**Index No. 15-cv-513 (CBA) (LB)**

**JOINT PRETRIAL ORDER**

Hon. Carol Bagley Amon, United States District Judge:

  Having conferred among themselves pursuant to Rule 16 of the Federal Rules of Civil Procedure and Your Honor's Individual Practices in Civil Cases, the parties adopt the following statements, directions and agreements as the Pre-trial Order:

**i. FULL CAPTION**

  The full caption is as listed above.

1

i.  **PARTIES AND COUNSEL**

| **Counsel for Plaintiff** | **Counsel for Defendants** |
|---|---|
| **Shawn Clark, Esq.** | **Ira A. Sturm** |
| Michael Faillace & Associates, PC | Raab Sturm & Goldman, LLP |
| 60 East 42nd Street, Suite 2540 | 317 Madison Avenue - Suite 1708 |
| New York, New York 10165 | New York, NY 10017 |
| Telephone: (212) 317-1200 | Telephone: (212) 683-6699 |
| Fax: (212) 317-1620 | Fax: (212) 779-8596 |
| Email: sclark@faillacelaw.com | Email: isturm@rsgllp.com |

ii.  **SUBJECT MATTER JURISDICTION**

Plaintiffs brought this case alleging subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. §1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

iii.  **CLAIMS AND DEFENSE**

This is an action for money damages brought by Plaintiff alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.6.  Plaintiff asserts the following claims, all of which remain to be tried.

1. **Violation of the Overtime Provisions of the FLSA**.   Plaintiff alleges that Defendants were their employers and failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week.  29 U.S.C. §§ 207, 216, 255(a).

2. **Violation of the New York Overtime Provisions**. Plaintiff alleges that Defendants were their employers and failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week. NYLL §§190, *et seq.*; 12 NYCRR §146-1.4.

3. **Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor.** Plaintiff alleges that Defendants were their employers and failed to pay them an additional hour's pay for each day that the interval between the beginning and end of their workdays was more than ten hours. 12 NYCRR § 146-1.6.

4. **Violation of the Notice and Recordkeeping Requirements of the New York Labor Law.** Plaintiff alleges that Defendants failed to provide them with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

5. **Violation of the Wage Statement Provisions of the New York Labor Law.** Plaintiff alleges that Defendants did not provide them with a statement of wages with each payment, as required by NYLL §195(3).

*Defendants' Defenses*:

1. Plaintiff has failed to allege a cause of action upon which relief may be granted.

2. This Court lacks jurisdiction over the subject matter of this litigation and the parties hereto.

3. This action is barred by the doctrines of waiver and estoppel.

4. This action is barred by doctrine of laches.

5. The Plaintiff has failed to mitigate his damages.

6. Defendant Midwood has fully compensated Vivas for all work performed.

7. Vivas' Fair Labor Statement Act ("F.L.S.A.") claims against the individual defendants is barred because individual defendants were not an "employer" engaged in commerce as defined in the F.L.S.A.

8. Plaintiff's New York Labor Law ("NYLL") claims against individual defendants are barred because individual defendants were not Vivas' employer as defined in the NYLL.

9. Vivas cannot recover liquidated damages under FLSA because, the Defendants at all times acted in good faith and believed that their conduct was not in violation of the FLSA.

10. To the extent Vivas could establish that Defendants are liable under the FLSA, Vivas' recovery must be limited because the Defendants did not act willfully.

11. The complaint is barred under the doctrine of payment.

12. The damages alleged in this action by Vivas, if any, were in fact sustained, were caused by the acts of omission of others, including Vivas, for which Defendants have no legal responsibility or culpability.

13. This action is barred, in whole or in part, as a result of the Vivas' own wrongful and dilatory conduct and his own inactions.

14. That Vivas is estopped from claiming receipt of any wages he did not report in his tax filings with the Federal Government as per Mahoney-Buntzman v. Buntzman, 12 NY 3d 415, 909 N.E. 2d 62, 881 NYS2d 369 (2009).

### iv. ALLEGED DAMAGES

<u>Overtime Damages</u>

Plaintiff maintains that Defendants are liable for unpaid overtime wages as follows:

To Plaintiff Ezequiel Vivas: $29,040.25

The damages are calculated by determining the pay Plaintiff would have received each week if he were paid at the appropriate overtime wage for all hours worked above 40 per week, and subtracting the amount Plaintiff was actually paid for each week.

Liquidated Damages & Pre-Judgment Interest on Overtime Damages

Plaintiff maintains the Defendants are liable for liquidated damages and pre-judgment interest as follows:

To Plaintiff Ezequiel Vivas: $56,117.83

The damages are calculated by multiplying the weekly unpaid wages by 25% for all dates through April 22, 2010, by 125% for all dates from February 14, 2011 through April 8, 2011, and 200% for all dates after April 9, 2011. Pre-judgment Interest is calculated at the rate of nine percent (9%) per annum simple interest under N.Y. C.P.L.R. § 5004.

Unpaid Spread of Hours Wages and Liquidated Damages Under the New York Labor Law

Plaintiff maintains the Defendants are liable for spread of hours damages as follows:

To Plaintiff Ezequiel Vivas: $15,616.25

Spread of hours damages are calculated by multiplying the minimum wage rate of $7.25 by the number of dates that Plaintiffs worked a spread of hours of more than ten.

Violation of New York Annual Wage Notice Law

Plaintiff maintains Defendants are liable as follows:

To Plaintiff Ezequiel Vivas: $2,500.00

The damages are calculated by multiplying the number of weeks the violation persisted for by $50, up to a maximum of $2,500.

Violation of New York Wage Statement Law

Plaintiff maintains Defendants are liable as follows:

To Plaintiff Ezequiel Vivas: $2,500.00

The damages are calculated by multiplying the number of weeks the violation occurred for by $100, up to a maximum of $2,500.

**v.      WHETHER TRIAL IS TO A BENCH OR JURY TRIAL**

The trial is to be by the Court and is anticipated to last two days.

**vi.     WHETHER THE PARTIES CONSENT TO TRIAL OF THE CASE BY A MAGISTRATE JUDGE**

The parties have not consented to trial by the magistrate judge.

**vii.    JOINT STIPULATIONS**

The parties stipulate that the following facts are true and thus no proof is necessary. However, no concessions are made as to the materiality or relevance of these facts.

**(a) JOINT STIPULATIONS OF FACT**

1.      The Plaintiffs filed this present action in the United States District Court in the Eastern District of New York on February 3, 2015.

2.      Defendants were each timely served with the Complaint.

3. Midwood Lumber & Millwork Inc. is a domestic corporation organized under the law of the State of New York.

4. At all relevant times, Midwood Lumber & Millwork Inc. had annual gross sales exceeding $500,000.

5. At all relevant times, Midwood Lumber & Millwork Inc. used goods produced in or transported in interstate commerce.

6. Midwood Lumber & Millwork, Inc. employed Plaintiff, though Plaintiff's hours worked are disputed.

### (b) JOINT STIPULATIONS OF LAW

1. The statute of limitations for FLSA actions is two years, or three in cases of "willful" violations. 29 U.S.C. §255.

2. The statute of limitations under the New York Labor Law is six years.

### viii. WITNESS LIST

**PLAINTIFFS' WITNESSES**

1. Ezequiel Vivas, in person. Plaintiff will testify concerning his dates of employment, hours worked, pay and Defendants' policies.

Plaintiff reserves the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes.

Plaintiff reserves the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

Plaintiff's witnesses will testify through a Spanish language interpreter.

**DEFENDANTS' WITNESSES**

1. Boris Motovich

2. Alex Motovich

Both individuals are named defendants and are able to testify as to the allegations against each of them.

3. Gail Motovich

Ms. Motovich will be able to provide information concerning the operations of Midwood Lumber & Millwork Inc. and identify corporate records.

Defendants reserve the right to call additional witnesses, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

## ix. EXHIBITS

**EXHIBIT LIST**

The parties reserve the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment.

Exhibits listed as P-[number] will be offered by Plaintiffs.  Exhibits listed as D-[letter] will be offered by Defendants

| Exhibit # | Description | Objection |
|---|---|---|
| P-1 | Checks from Plaintiff's Employment | None |
| D-1 | Payroll records reflecting Plaintiff's employment. | None |
| D-2 | Time records | None |
| D-3 | Plaintiff's Tax Filings | Irrelevant, Not Within Defendants' Possession Custody or Control and No Timely Motion to Compel Received, Harassing |

SO ORDERED:
Dated: New York, New York
              _____, 2016

_____
Hon. Carol Bagley Amon
United States District Judge